# EXHIBIT A

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| HARRIET BELL, Individually and on behalf of all similarly situated persons, ) ) ) ) ) | |
| Plaintiff, ) | |
| vs. ) | CIVIL ACTION NO. 1:06-CV-1993-CC |
| CALLAWAY PARTNERS, LLC, and HURON CONSULTING GROUP, INC. ) ) ) | |
| Defendants. ) | |

C. Todd Van Dyke, Esq.
L. Dale Owens, Esq.
JACKSON LEWIS LLP
1155 Peachtree Street, N.E.
Suite 1000
Atlanta, Georgia 30309
Tel (404) 525-8200
Fax (404) 525-1173

# PART ONE:
## *Introduction*

- This case arises out of Callaway's HealthSouth project, where HealthSouth had been accused of perpetrating a multi-billion dollar accounting fraud by grossly misstating its finances
- Plaintiffs worked on the HealthSouth Project for Callaway
- They helped reconstruct HealthSouth's books and restate its financials
- Plaintiffs are highly-educated accountants and Certified Public Accountants who, during their employment with Callaway, often made in excess of $100,000 per year

# *Introduction*

- ➢ U.S. Department of Labor ("DOL") audited Callaway in 2005, including it pay practices at HealthSouth
- ➢ The DOL reviewed Callaway's pay records for a two year period – from November 28, 2003 through November 27, 2005 – and interviewed employees
- ➢ The DOL concluded some employees on the HealthSouth project had inadvertently not been paid for some holidays in 2004, and that a few employees were entitled to compensation for performing non-exempt work

# Introduction

- With the DOL's supervision and approval, Callaway issued checks to 184 employees for a total of approximately $165,000
- During the DOL's investigation, the DOL never questioned the issues before the Court today - Callaway's bonus plan or other pay practices
- Upon receiving checks, some employees decided they would rather sue Callaway than accept a check that was part of a DOL supervised settlement

# *Introduction*

- August 24, 2006 – This case was filed raising pay practices the DOL never questioned
- June 16, 2007 – Conditional certification granted. We now have 120 Plaintiffs
- "Although the violation of the Fair Labor Standards Act alleged by Plaintiffs is questionable as a matter of law, the merits of the claim can and will be revisited at a later stage of this litigation." (Hr'g Tr., May 23, 2007, at 83)
- Discovery for more than 2 years, including Callaway producing payroll records for 7,871 weeks worked

# Introduction

- Out of 7,871 weeks worked by Plaintiffs, they only identified 53 weeks (0.7% of the time) in which they allege Callaway deducted from their bonuses for partial days worked, and they identified only 24 weeks (0.3% of the time) in which they did not receive their full salaries or the correct pro rata amount. (Plaintiffs' Opposition Brief p. 8)
- To put this in context, we are arguing today about what happened to Plaintiffs less than 1% of the time
- The 53 bonus deductions resulted in a total of approximately $10,421.50 not being paid

# PART TWO:
## *Legal Framework for the FLSA*

- The FLSA requires the payment of overtime when employees work more than forty hours in a week. 29 U.S.C. § 207(a)(1).

- However, the FLSA exempts from such overtime coverage, "any employee employed in a bona fide executive, administrative or professional capacity." 29 U.S.C. § 213(a)(1).

- The FLSA does not define the exemptions; rather, the Act gives the U.S. Secretary of Labor "broad authority" to define and limit the scope of exemptions in promulgated regulations. *Auer v. Robbins*, 519 U.S. 452, 456 (1997).

# Secretary of Labor's Chosen Approach

- Under the Secretary of Labor's chosen approach, employees are "exempt" from the overtime requirement if (1) they are paid a "predetermined" weekly salary of at least $455 ("salary basis test") and (2) perform the types of job duties set forth in the regulations for the exemptions. *See* 29 C.F.R. § 541.602; §§ 541.100 through 541.300.

- As the Supreme Court has explained, "Because the salary-basis test is a creature of the Secretary [of Labor]'s own regulations, his interpretation of it is, under [Supreme Court] jurisprudence, controlling unless 'plainly erroneous or inconsistent with the regulation.'" *Auer v. Robbins*, 519 U.S. 452, 461 (1997).

# Requirements of the Salary Basis Test

- Under the Secretary of Labor's chosen approach, the salary basis test is satisfied where "the employee regularly receives each pay period on a weekly, or less frequent basis, *a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in quality or quantity of work performed.*" 29 C.F.R. § 541.602(a).

- The predetermined amount must equal at least $455 per week.

# Deductions from Salary

- Employers are permitted to deduct from an exempt employee's salary in certain circumstances. 29 C.F.R. § 541.602(b)

- Deductions are permitted for items such as full day absences for personal reasons, full day absences for sickness made in accordance with the employer's plan, and initial/terminal weeks of employment, among others. 29 C.F.R. § 541.602(b)

- "An employer who makes improper deductions from salary shall lose the exemption if the facts demonstrate that the employer did not intend to pay employees on a salary basis." 29 C.F.R. § 541.603(a)

# Permissive "Additional Compensation"

- In contrast to the salary requirement, an employer is permitted – but not required – to also pay an exempt employee what the DOL calls "additional compensation." 29 C.F.R. § 541.604(a)

- "Such additional compensation *may be paid on any basis* (e.g., flat sum, *bonus payment, straight-time hourly amount*, time and one-half or any other basis), and may include paid time off." 29 C.F.R. § 541.604(a)

## *Deductions from "Additional Compensation"*

- ▶ Unlike an employee's weekly salary, nothing in the Secretary of Labor's regulations prohibits an employer from making deductions from an exempt employee's additional compensation.

- ▶ And, unlike an employee's weekly salary, nothing in the Secretary of Labor's regulations state that an employer can "lose" the exemption by deducting from an employee's additional compensation.

## *Deductions from "Additional Compensation"*

- In fact, two DOL Opinion Letters hold that the "prohibition against improper deductions from the guaranteed salary under 29 C.F.R. § 541.602(b) *does not extend to such additional compensation provided to exempt employees.*" (Exhibits C and D to Defendants' Motion for Summary Judgment on Bonus Plan)

- Bottom line, the manner in which additional compensation is calculated ("on any basis"), and any deductions from it, are irrelevant to whether employees are exempt.

## *Deductions from "Aditional Compensation"*

➢ The Fifth Circuit Court of Appeals has followed the DOL Regulations and Opinion Letters. *Lovelady v. Allsup's Convenience Stores, Inc.*, 304 Fed. Appx. 301 (5th Cir. 2008).

➢ *Lovelady* held: "Deductions or reductions from bonus payments do not affect an employee's status as an exempt employee so long as the requisite minimum $455 salary is paid." 304 Fed. Appx. at 304